## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CARL OSENTOWSKI,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>ANDREW YOST,<br><br>　　　　　　Defendant. | 8:16CV331<br><br>ORDER |

　　　　This matter is before the court on Andrew Yost's (Yost) Motion to Strike (Filing No. 4).  Yost seeks to have portions of Carl Osentowski's (Osentowski) Complaint stricken as immaterial and irrelevant.  Yost filed a brief (Filing No. 5) in support of the motion.  Osentowski filed a brief (Filing No. 9) opposing the motion.  Yost filed a brief (Filing No. 11) in reply.

### BACKGROUND

　　　　This case stems from the events occurring during a June 11, 2014, traffic stop of Osentowski by Yost, a Butler County Deputy Sheriff.  **See** Filing No. 1 - Complaint ¶¶ 3, 5, 12.  Yost observed Osentowski speeding on Highway 92 in Butler County, Nebraska.  *Id.*  Yost pursued Osentowski for approximately five minutes before Osentowski noticed Yost and stopped.  *Id.* ¶¶ 13-14.  Osentowski alleges the manner in which he was seated and the items in the bed of his truck obstructed his view of the traffic behind him.  *Id.* ¶¶ 10-11, 13.  When Osentowski stopped his truck, Yost parked behind it, positioned himself behind his patrol vehicle, drew his firearm, pointed the firearm at Osentowski, and repeatedly screamed commands at Osentowski.  *Id.* ¶¶ 17-20.  Osentowski alleges he attempted to comply with Yost's commands, but had difficulty moving as directed, keeping his hands above his head, and lying face down on the ground due to various medical issues.  *Id.* ¶¶ 21-22.  When another officer arrived, Yost directed Osentowski be handcuffed behind his back, searched, lifted to his feet while handcuffed, and placed in a patrol vehicle, still handcuffed.  *Id.* ¶¶ 40-42.  Ultimately, Yost issued a citation to Osentowski for speeding and failure to yield to an emergency vehicle.  *Id.* ¶ 44.  Based on these allegations, Osentowski claims he suffered emotional harm, which is ongoing.

*Id.* ¶¶ 45-48. Additionally, Osentowski claims Yost engaged in excessive force and conducted an unlawful pat-search under the circumstances. *Id.* ¶¶ 49-58. Osentowski seeks general and special damages for emotional harm and punitive damages. *Id.* ¶ 59.

Yost filed the instant motion to strike from the Complaint all allegations of Osentowski's subjective perceptions, attitudes, feelings, and intentions. **See** Filing No. 5 - Brief. 2.[1] Yost contends the disputed allegations are irrelevant and immaterial to Osentowski's claims filed pursuant to 28 U.S.C. § 1983 and the U.S. Constitution's Fourth Amendment. *Id.* Specifically, Yost argues Osentowski's perceptions have no bearing on the analysis of the claims, which will focus on the facts and circumstances known and perceived by Yost. *Id.* at 2-3. Further, Yost asserts Osentowski's allegations "attempt to recast the analysis into one that focuses on the officer's conduct in light of the Plaintiff's subjective thoughts and attitudes rather than the correct analysis which requires an objective inquiry according to the facts perceived by the officer on the scene." **See** Filing No. 11 - Reply p. 3. For this reason, Yost argues the allegations are prejudicial. *Id.* Nevertheless, Yost concedes certain allegations are relevant to Osentowski's damage claims. *Id.* at 5.

Osentowski maintains the relevance of the disputed allegations. **See** Filing No. 9 - Response p. 1-2. Osentowski asserts these allegations contain facts admissible for trial and "set the stage, provide context for the allegations, or directly support [his] claim for damages." *Id.* at 2. Further, Osentowski contends compensatory damages allowed by § 1983 include injury for impairment of reputation, personal humiliation, and mental anguish and suffering. *Id.*

## ANALYSIS

The Federal Rules of Civil Procedure provide a mechanism for the court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." **See** Fed. R. Civ. P. 12(f). A court possesses liberal discretion when ruling on motions to strike under Rule 12(f). ***BJC Health Sys. v. Columbia Cas. Co.***, 478 F.3d 908, 917

---

[1] The court will reference the page number of the document, as shown in the header for the document when filed, rather than the page number formatting assigned by the filer.

2

(8th Cir. 2007). However, courts view motions to strike with disfavor because striking is an extreme measure and the motion may only serve to delay proceedings. **See** *id.*; **Stanbury Law Firm v. I.R.S.**, 221 F.3d 1059, 1063 (8th Cir. 2000). In fact, "[t]he rule's purpose is to conserve time and resources by avoiding litigation of issues which will not affect the outcome of a case." **Big Cats of Serenity Springs, Inc. v. Vilsack**, 84 F. Supp. 3d 1179, 1198 (D. Colo. 2015) (citation omitted). Accordingly, a motion to strike will be denied if the content sought to be stricken "is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." **Lunsford v. United States**, 570 F.2d 221, 229 (8th Cir. 1977) (quotation omitted). Similarly, "the Eighth Circuit Court of Appeals has ruled that even matters that are not 'strictly relevant' to the principal claim at issue should not necessarily be stricken, if they provide 'important context and background' to claims asserted or are relevant to some object of the pleader's suit." **Holt v. Quality Egg, L.L.C.**, 777 F. Supp. 2d 1160, 1168 (N.D. Iowa 2011).

> Immaterial matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded. Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question. Scandalous matters are allegations that unnecessarily reflect on the moral character of an individual or state anything in repulsive language that detracts from the dignity of the court. To prevail on a motion to strike text from the complaint, the movant must clearly show that the challenged matter has no bearing on the subject matter of the litigation and that its inclusion will prejudice the movant.

**Freydl v. Meringolo**, No. 09 Civ. 07196, 2011 WL 2566082, at *1 (S.D.N.Y. June 16, 2011) (internal quotations and citations omitted) (noting "granting the motion to strike is not warranted where prejudice is not clearly demonstrated"); **see Corrections USA v. Dawe**, 504 F. Supp. 2d 924, 938 (E.D. Cal. 2007); **Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York**, 278 F. Supp. 2d 313, 325 (N.D.N.Y. 2003) (noting "prejudice is not assumed simply by the inclusion in the . . . complaint of the verbose, immaterial, conclusory, or evidentiary matter"). Accordingly, allegations will not be stricken as immaterial under this rule unless it can be shown that no evidence in support of the allegation would be admissible. **United States v. Shell Oil Co.**, 605 F. Supp. 1064, 1085 (D. Colo. 1985). Finally, a party must usually make a

showing of prejudice before a court will grant a motion to strike. *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) (citation omitted).

Osentowski shows how the challenged allegations serve an essential or important relationship to the claims for relief. The subject matter of these allegations bear on the remaining litigation and may fairly present a question of fact for consideration by these parties. Likewise, the allegations subject Yost to no additional burden in his attempts to respond. Moreover, Yost fails to show the challenged allegations cause specific undue prejudice or lack a relationship to the subject matter of the litigation, and he admits a portion of them bear on damages. Osentowski's challenged allegations relate to the circumstances of the traffic stop and, although ostensibly disputed by Yost, the underlying events may have been perceived by Yost. For example, Yost seeks to strike Osentowski's description of his truck as having a covered bed filled with small trees, which blocked Osentowski's view (**see** Filing No. 11 - Reply p. 3-4). Certainly, Yost observed the truck from behind and later searched it, such observations being relevant to his conduct. Additionally, Yost argues no facts support the allegation Osentowski was "unable to stand by himself" (**see** Filing No. 11 - Reply (referencing Filing No. 1 - Complaint ¶¶ 40-41)), however an adjoining undisputed fact is Yost pulled Osentowski to his feet. These allegations support Osentowski's theory about the manner in which Yost violated Osentowski's rights and such theory is subject to potential rebuttal by Yost. Osentowski's beliefs and perceptions, even if disputable, do not require the allegations stricken. Moreover, such allegations fairly present a question of fact in connections with whether Yost acted reasonably under the circumstances. Upon consideration,

**IT IS ORDERED**:

Andrew Yost's Motion to Strike (Filing No. 4) is denied.
Dated this 26th day of September, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge