IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CARL OSENTOWSKI,

    Plaintiff,

 vs.

ANDREW YOST,

    Defendant.

8:16CV331

ORDER

This matter is before the court on Carl Osentowski's (Osentowski) Motion for Leave to Serve Rule 45 Subpoena (Filing No. 7). Osentowski seeks leave to serve a subpoena for records on a non-party prior to the parties' planning conference. Andrew Yost's (Yost) filed a brief (Filing No. 10) opposing Osentowski's motion.

### BACKGROUND

This case stems from the events occurring during a June 11, 2014, traffic stop of Osentowski by Yost, a Butler County Deputy Sheriff. *See* Filing No. 1 - Complaint ¶¶ 3, 5, 12. Osentowski claims Yost engaged in excessive force and conducted an unlawful pat-search under the circumstances. *Id.* ¶¶ 49-58. Osentowski seeks general and special damages for emotional harm and punitive damages. *Id.* ¶ 59.

Osentowski seeks to subpoena records from the Butler County Sheriff's office including dispatch logs and recordings; the citation; and any other reports and recordings from June 11, 2014, related to the traffic stop at issue. *See* Filing No. 6 - Notice of Intent to Serve Rule 45 Records Subpoena. Yost objects only to the timing. *See* Filing No. 10 - Brief. Yost contends issuance is improper because Yost has not yet answered, there is a motion to strike allegations in the complaint pending, and his counsel had entered an appearance one week prior to the notice. *Id.* Yost does not challenge the relevance of the materials sought. Osentowski suggests the early discovery is at the core of the issues in this case and would assist the parties in preparing the planning report. *See* Filing No. 7 - Motion p. 2. Additionally, Osentowski contends Yost will suffer no prejudice from production of the discovery. *Id.*

## ANALYSIS

Under the federal rules, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Further, "[e]xcept . . . when the court orders otherwise, **the parties must confer as soon as practicable**--and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Fed. R. Civ. P. 26(f)(1) (emphasis added). A scheduling order is due "after receiving the parties' report under Rule 26(f)" and "within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b). Accordingly, the federal rules indicate the parties' conference is now past due.[1] Nevertheless, the court finds good cause exists for the brief delay occasioned by the circumstances.

Generally, as Yost suggests, the parties would wait to begin discovery, unless some exigency exists, until after a defendant files an answer. However, in this case, the answer is delayed by Yost's motion to strike certain allegations in the complaint. Yost's argument about striking those allegations does not impact the discovery sought. In any event, the court has now denied Yost's motion and the answer is due shortly. Similarly, the court will now, by separate filing, require the parties to participate in a planning conference and file their report. Meanwhile, the court finds no prejudice to Yost from allowing Osentowski access to undeniably relevant discovery. Additionally, obtaining the proposed discovery at the outset of this case will assist the parties in their preparation and may result in an early resolution. Upon consideration,

**IT IS ORDERED**:

Carl Osentowski's Motion for Leave to Serve Rule 45 Subpoena (Filing No. 7) is granted. Osentowski may issue the requested subpoena forthwith.

Dated this 26th day of September, 2016.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge

---

[1] The record shows Mr. Campbell accepted service for Yost on June 29, 2016. **See** Filing No. 3.